Steven J. Cohen (SC 1289)
Wachtel & Masyr, LLP
110 East 59th Street
New York, New York 10022
Telephone (212) 909-9500

Thomas I. Rozsa, *Pro Hac Vice*
ROZSA LAW GROUP LC
18757 Burbank Boulevard
Suite 220
Tarzana, California 91356-3346
Telephone (818) 783-0990

Attorneys for Defendant
Beyond Electronics Inc. d/b/a Beyond Cell

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RESEARCH IN MOTION LIMITED, | 08-CV-03322 (TCP) |
| Plaintiff, | **ANSWER** |
| -against- | (JURY TRIAL DEMANDED) |
| BEYOND CELL INTERNATIONAL, INC., JOHN DOES 1-50; AND XYZ BUSINESSES, | |
| Defendant. | |

Defendant Beyond Electronics Inc. d/b/a Beyond Cell (erroneously sued as "Beyond Cell International, Inc.") (hereafter, "Beyond Cell"), by its undersigned attorneys, hereby answers the Complaint filed by plaintiff Research In Motion Limited (hereafter, "RIM") as follows:

<u>Answer to Section Entitled "NATURE OF THE ACTION"</u>

1.  Denies the allegations contained in Paragraph 1 except admits that it operates a website <u>www.beyondcell.com.</u> and that RIM sells Blackberry products.

<u>Answer to Section Entitled "JURISDICTION AND VENUE"</u>

2. Denies each and every allegation contained in Paragraph 2 of the Complaint.

3. Answering Paragraph 3 of the Complaint admits that it operates an interactive website but that in no way gives jurisdiction to RIM in New York. Except as expressly admitted herein, Beyond Cell denies each and every other allegation contained in Paragraph 3 of the Complaint.

4. Denies the allegations contained in Paragraph 4 of the Complaint.

<u>Answer to Section Entitled "PARTIES"</u>

5. Admits the allegations contained in Paragraph 5 of the Complaint.

6. Denies the allegations contained in Paragraph 6 of the Complaint, except admits that it is a California corporation with the alleged principal place of business.

7. Denies each and every allegation contained in Paragraph 7 of the Complaint.

<u>Answer to Section Entitled "RIM'S TRADEMARKS AND TRADE DRESS"</u>

8. To the best of its knowledge, admits the allegations contained in Paragraph 8 of the Complaint.

9. To the best of its knowledge, admits that RIM's portfolio of products, services and embedded technologies are used by thousands of organizations throughout the world and include the BLACKBERRY wireless platform and the RIM handheld product line. Except as expressly admitted herein, Beyond Cell denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. To the best of its knowledge, admits the allegations contained in Paragraph 10 of the Complaint.

11. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Complaint.

12. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Complaint.

13. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint.

14. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint.

15. Denies the allegations contained in Paragraph 15 of the Complaint.

16. Denies the allegations contained in Paragraph 16 of the Complaint.

17. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint.

18. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint.

19. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19 of the Complaint.

20. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint.

21. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the Complaint.

22. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the Complaint.

<u>Answer to Section Entitled "DEFENDANTS AND THEIR ACTIVITIES"</u>

23. Denies the allegations contained in Paragraph 23 of the Complaint.

24. Admits the allegations contained in Paragraph 24 of the Complaint.

25. Answering Paragraph 25 of the Complaint, Beyond Cell admits that it advertises the subject batteries as being compatible with and for use with BLACKBERRY products. Beyond Cell affirmatively avers that it never at any time intended to lead anyone to believe that they were original BLACKBERRY batteries but were simply batteries that were compatible with and could be used with BLACKBERRY products.

26. Denies the allegations contained in Paragraph 26 of the Complaint.

27. Denies the allegations contained in Paragraph 27 of the Complaint.

28. Admits the allegations contained in Paragraph 26 of the Complaint.

29. Denies the allegations contained in Paragraph 29 of the Complaint in that batteries are priced at various prices, with $14.00 being only one example.

30. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the Complaint.

31. Denies the allegations contained in Paragraph 31 of the Complaint.

32. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of the Complaint.

33. Admits that the label attached as part of Paragraph 33 of the Complaint purports to be a label on a product sold by Beyond Cell.

34. Denies the allegations contained in Paragraph 34 of the Complaint.

35. Denies the allegations contained in Paragraph 35 of the Complaint, respectfully refers the Court to the batteries for their look and content, and affirmatively avers that any use of the term BLACKBERRY by Beyond Cell was intended strictly and solely to advise consumers that batteries sold by Beyond Cell were compatible with batteries for use with BLACKBERRY.

36. Denies the allegations contained in Paragraph 36 of the Complaint, respectfully refers the Court to the batteries for their look and content, and affirmatively avers that any use of the term BLACKBERRY by Beyond Cell was intended strictly and solely to advise consumers that batteries sold by Beyond Cell were compatible with batteries for use with BLACKBERRY.

37. Denies the allegations contained in Paragraph 37 of the Complaint, respectfully refers the Court to the batteries for their look and content, and affirmatively avers that any use of the term BLACKBERRY by Beyond Cell was intended strictly and solely to advise consumers that batteries sold by Beyond Cell were compatible with batteries for use with BLACKBERRY.

38. Denies the allegations contained in Paragraph 38 of the Complaint, respectfully refers the Court to the batteries for their look and content, and affirmatively avers that any use of the term BLACKBERRY by Beyond Cell was intended strictly and solely to advise consumers that batteries sold by Beyond Cell were compatible with batteries for use with BLACKBERRY.

39. Denies the allegations contained in Paragraph 39 of the Complaint, respectfully refers the Court to the batteries for their look and content, and affirmatively avers that any use of the term BLACKBERRY by Beyond Cell was intended strictly and solely to advise consumers that batteries sold by Beyond Cell were compatible with batteries for use with BLACKBERRY.

40. Denies the allegations contained in Paragraph 40 of the Complaint, respectfully refers the Court to the batteries for their look and content, and affirmatively avers that any use of

the term BLACKBERRY by Beyond Cell was intended strictly and solely to advise consumers that batteries sold by Beyond Cell were compatible with batteries for use with BLACKBERRY.

41. Denies the allegations contained in Paragraph 41 of the Complaint, except admits that it does not have any authorization or license from RIM.

42. Denies the allegations contained in Paragraph 42 of the Complaint.

43. Denies the allegations contained in Paragraph 43 of the Complaint, except admits that the batteries sold by Beyond Cell are not genuine RIM products and that RIM did not manufacture, inspect or package, them and did not approve them for sale.  Beyond Cell affirmatively avers that the batteries sold by it were not intended to be representative of any genuine BLACKBERRY batteries but simply batteries that were compatible with the BLACKBERRY products. .

44. Admits the allegations contained in Paragraph 44 of the Complaint.

45. Denies the allegations contained in Paragraph 45 of the Complaint.

46. Denies the allegations contained in Paragraph 46 of the Complaint.

47. Denies the allegations contained in Paragraph 47 of the Complaint.

## ANSWER TO FIRST CAUSE OF ACTION
### Entitled "Federal Trademark Counterfeiting"

48. Answering Paragraph 48 of the Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49. Denies the allegations contained in Paragraph 49 of the Complaint.

50. Denies the allegations contained in Paragraph 50 of the Complaint.

**ANSWER TO SECOND CAUSE OF ACTION**
**Entitled "Federal Trademark Infringement"**

51. Answering Paragraph 51 of the Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52. Denies the allegations contained in Paragraph 52 of the Complaint.

**ANSWER TO THIRD CAUSE OF ACTION**
**Entitled "Federal False Description**
**And False Designation Of Origin In Commerce"**

53. Answering Paragraph 53 of the Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54. Denies the allegations contained in Paragraph 54 of the Complaint.

55. Denies the allegations contained in Paragraph 55 of the Complaint.

**ANSWER TO FOURTH CAUSE OF ACTION**
**Entitled "Federal Trade Dress Infringement"**

56. Answering Paragraph 56 of the Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57. Denies the allegations contained in Paragraph 57 of the Complaint.

58. Denies the allegations contained in Paragraph 58 of the Complaint.

**ANSWER TO FIFTH CAUSE OF ACTION**
**Entitled "Federal Trademark Dilution"**

59. Answering Paragraph 59 of the Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 58 of the Complaint as if fully set forth herein.

60. Denies the allegations contained in Paragraph 60 of the Complaint.

61. Denies the allegations contained in Paragraph 61 of the Complaint.

62. Denies the allegations contained in Paragraph 62 of the Complaint.

63. Denies the allegations contained in Paragraph 63 of the Complaint.

## ANSWER TO SIXTH CAUSE OF ACTION
### Entitled "Federal Trade Dress Dilution"

64. Answering Paragraph 64 of the Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 63 of the Complaint as if fully set forth herein.

65. Denies the allegations contained in Paragraph 65 of the Complaint.

66. Denies the allegations contained in Paragraph 66 of the Complaint.

67. Denies the allegations contained in Paragraph 67 of the Complaint.

68. Denies the allegations contained in Paragraph 68 of the Complaint.

## ANSWER TO SEVENTH CAUSE OF ACTION
### Entitled "New York Dilution Of Trademark And Injury To Business Reputation"

69. Answering Paragraph 68 of the Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 67 of the Complaint as if fully set forth herein.

70. Denies the allegations contained in Paragraph 70 of the Complaint.

71. Denies the allegations contained in Paragraph 71 of the Complaint.

72. Denies the allegations contained in Paragraph 72 of the Complaint.

## ANSWER TO EIGHTH CAUSE OF ACTION
### Entitled "New York Dilution Of Trade Dress"

73. Answering Paragraph 73 of the Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 72 of the Complaint as if fully set forth herein.

74. Denies the allegations contained in Paragraph 74 of the Complaint.

75. Denies the allegations contained in Paragraph 75 of the Complaint.

76. Denies the allegations contained in Paragraph 76 of the Complaint.

**ANSWER TO NINTH CAUSE OF ACTION**
**Entitled "New York Deceptive Trade Practices"**

77. Answering Paragraph 77 of the Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 76 of the Complaint as if fully set forth herein.

78. Denies the allegations contained in Paragraph 78 of the Complaint.

79. Denies the allegations contained in Paragraph 79 of the Complaint.

**ANSWER TO TENTH CAUSE OF ACTION**
**Entitled "Common Law Unfair Competition"**

80. Answering Paragraph 80 of the Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 79 of the Complaint as if fully set forth herein.

81. Denies the allegations contained in Paragraph 81 of the Complaint.

**ANSWER TO ELEVENTH CAUSE OF ACTION**
**Entitled "Unjust Enrichment"**

82. Answering Paragraph 82 of the Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 81 of the Complaint as if fully set forth herein.

83. Denies the allegations contained in Paragraph 83 of the Complaint.

**AFFIRMATIVE DEFENSES TO COMPLAINT**
**FIRST AFFIRMATIVE DEFENSE**

1.   As a first, separate and distinct affirmative defense to the Complaint, and each and every cause of action set forth therein, Beyond Cell alleges that at no time did it ever engage in any counterfeiting or any trademark infringement. All uses of any BLACKBERRY trademark as set forth in the Complaint were fair use and intended to advise consumers that the products and in particular, batteries, sold by Beyond Cell were compatible with BLACKBERRY products and could be used with BLACKBERRY products. At no time did Beyond Cell ever intend to pass off or lead any consumer to believe that they were genuine BLACKBERRY products.

### SECOND AFFIRMATIVE DEFENSE

2.   As a second, separate and distinct affirmative defense to the Complaint, and each and every cause of action stated therein, Beyond Cell alleges that its products have distinctly displayed thereon the trademark "OP" which is a trademark of Beyond Cell and is in no way confusingly similar with any trademark owned by RIM.

### THIRD AFFIRMATIVE DEFENSE

3.   As a third, separate and distinct affirmative defense to the Complaint, and each and every cause of action stated therein, Beyond Cell alleges that it obtained these products from its supplier Shenzhen Silver Eagle Electronic Co., a corporation of China, who to the best of Beyond Cell's knowledge, is located at America Tiercel Business/Branch Office in ShenZhen, A03 Block, Fenghuang 2nd Industrial Park, Fuyong Town, Bao'an, ShenZhen, China, who represented to Beyond Cell that the products were properly marked to indicate to consumers that they were compatible with BLACKBERRY products and that they were not infringing any BLACKBERRY trademarks or any other RIM intellectual property rights.

### FOURTH AFFIRMATIVE DEFENSE

4.   As a fourth, separate and distinct affirmative defense to the Complaint, and each and every cause of action stated therein, Beyond Cell alleges that its Chinese supplier Shenzhen Silver Eagle Electronic Co. has an American corresponding company to whom payments for products were made known as American Eagle Business Inc.. To the best of Beyond Cells' knowledge, the address for American Eagle Business Inc., a New York corporation, is 221-28 59th Avenue, Bayside, New York 11364. American Eagle Business Inc. and its principal represented to Beyond Cell that the products it obtained from Shenzhen Silver Eagle Electronic Co. were products that were properly marked to indicate to consumers that they were compatible with BLACKBERRY products and that they were not infringing any BLACKBERRY trademarks or any other intellectual property owned by RIM.

### FIFTH AFFIRMATIVE DEFENSE

5.   As a fifth, separate and distinct affirmative defense to the Complaint, and each and every cause of action stated therein, Beyond Cell alleges that the Complaint and each and every cause of action stated therein, has failed to state any claim upon which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

6.   As a sixth, separate and distinct affirmative defense to the Complaint, and each and every cause of action stated therein, Beyond Cell alleges that the Complaint and each and every cause of action stated therein has failed to state facts sufficient to constitute a cause of action against Beyond Cell.

### SEVENTH AFFIRMATIVE DEFENSE

7.   As a seventh, separate and distinct affirmative defense to the Complaint, and each and

every cause of action stated therein, Beyond Cell alleges the Plaintiff is barred from seeking the relief sought under the equitable doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

8.   As an eighth, separate and distinct affirmative defense to the Complaint, and each and every cause of action stated therein, Beyond Cell alleges that the Complaint, and each and every cause of action stated therein, is barred by the equitable doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

9.   As a ninth, separate and distinct affirmative defense to the Complaint, and each and every cause of action stated therein, Beyond Cell alleges that the Complaint and each and every cause of action stated therein is barred by the equitable doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

10. As a tenth, separate and distinct affirmative defense to the Complaint, and each and every cause of action stated therein, Beyond Cell alleges that any damage suffered by Plaintiff was caused by Plaintiff's own actions.

### ELEVENTH AFFIRMATIVE DEFENSE

11. As an eleventh, separate and distinct affirmative defense to the Complaint, and each and every cause of action stated therein, Beyond Cell alleges that Plaintiff has failed to mitigate its damages.

### TWELFTH AFFIRMATIVE DEFENSE

12. As a twelfth, separate and distinct affirmative defense to the Complaint, and each and every cause of action stated therein, Beyond Cell alleges that the Complaint and each and every cause of action stated therein is barred by the statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. As a thirteenth, separate and distinct affirmative defense to the Complaint, and each and every cause of action stated therein, Beyond Cell alleges that the Complaint, and each and every cause of action stated therein, is barred by the equitable doctrine of laches.

## DEMAND FOR JUDGMENT

WHEREFORE, Beyond Cell respectfully prays that this Court enter judgment for it and against Plaintiff as follows:

(a) dismissing the Complaint in its entirety with prejudice;

(b) awarding Beyond Cell its costs of suit, including reasonable attorneys fees, incurred herein; and

(c) awarding such other and further relief as this Court deems just and proper.

<u>JURY TRIAL</u>

Defendant hereby demands trial by jury on all issues triable to a jury.

Dated: New York, New York
       May 19, 2008

                            WACHTEL & MASYR, LLP

                            By: _____/s/_____
                                 Steven J. Cohen (SC-1289)

                            110 East 59th Street
                            New York, NY 10022
                            (212) 909-9500

                                    -and-

                            ROZSA LAW GROUP LC
                            Thomas I. Rozsa

                            18757 Burbank Boulevard
                            Suite 220
                            Tarzana, California 91356-3346
                            (818) 783-0990


                            *Attorneys for Defendant*
                            *Beyond Electronics Inc. d/b/a*
                            *Beyond Cell (erroneously sued as*
                            *"Beyond Cell International," Inc.)*