NM
@R/osA
05/15/2008 15:20 FAX 8187830932          ROZSA LAW GROUP                      ☒004/010

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x

RESEARCH IN MOTION LIMITED,             :      CIVIL ACTION NO. 08-CV-03322
                                        :      (TPG)
    Plaintiff,                          :
                                        :
    -against-                          :
                                        :
BEYOND CELL INTERNATIONAL, INC.,        :      CONFIDENTIALITY
JOHN DOES 1-50; and XYZ BUSINESSES,     :      STIPULATION AND PROTECTIVE
                                        :      ORDER
    Defendants.                         :
                                        :
---------------------------------------x

    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and it appearing that plaintiff Research In Motion ("Plaintiff") and defendant Beyond Electronics Inc. d/b/a Beyond Cell International ("Beyond Cell" and together with Plaintiff the "Parties") have stipulated to the terms of the within Confidentiality Stipulation and Protective Order, and for good cause shown,

    IT IS HEREBY ORDERED that this Confidentiality Stipulation and Protective Order shall govern the handling of all documents, testimony or other information exchanged between the Parties, including all copies, excerpts, and summaries thereof (collectively "Material"), given or filed during discovery or any other proceeding in the above-captioned action (the "Action").

    1.    Either Party may designate as "Confidential Attorneys' Eyes Only" any Material it produces in the course of discovery or other proceedings when that Party in good faith believes that the Material contains confidential proprietary business information ("Confidential Material")

    2.    Confidential Material shall not be disclosed to any persons, except the following, who shall treat such information in accordance with the terms of this Order:

        a.    The Court and its officers, and any court reporters employed in this action;

80179515.2

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/21/08
```

05/15/2008 13:20 FAX 8187830992        ROZSA LAW GROUP                    ☒005/010

b. Outside counsel of record in this action and any legal assistants or other employees of counsel working with them on this action;

c. In-house counsel and any legal assistants or other employees of counsel working with them on this action, including but not limited to in-house investigators and security personnel provided that such persons sign a confidentiality undertaking in the form of Exhibit A hereto, a copy of which shall not be provided to the designating Party;

d. One business executive employed by Plaintiff who is assisting in this action provided that such person signs a confidentiality undertaking in the form of Exhibit A hereto, a copy of which shall not be provided to the designating Party;

e. Any vendor from whom Beyond Cell International purchased products bearing the BLACKBERRY or Research In Motion ("RIM") name or trade dress, provided, however, that each such vendor may be shown Confidential Material concerning only transactions to which it was a party;

f. Third parties engaged by counsel or Plaintiff to assist in this action, including but not limited to, investigators and experts provided that such persons sign a confidentiality undertaking in the form of Exhibit A hereto, a copy of which shall not be provided to the designating Party;

g. A present employee or representative of a party and a former employee, associate, representative, or consultant of a party concerning any documents or information designated as Confidential Material by that party, which was dated or created during, or which pertains to, the period during which that witness was employed by, associated with, representative of, or consultant to that party.

- 2 -

05/15/2008 12:20 FAX 8187000992         ROZSA LAW GROUP                           ☒ 008/010

  h. The person(s) the Confidential Material identifies as an author or addressee or copy recipient of such document.

  3. Plaintiff may issue subpoenas to any persons or entities identified in any Confidential Material and shall serve notice and copies of such subpoenas in accordance with the rules of the Federal Rules of Civil Procedure. Any such persons or entities served with a subpoena in this action may avail itself of the protections of this Order.

  4. Confidential Material shall be designated by the Parties as follows:

  a. In the case of documents, designation shall be made by placing the following legend on each page of any such document prior to production: "Confidential Attorneys' Eyes Only" or an equivalent designation.

  b. In the case of depositions, designation of the portion of the transcript (including exhibits) shall be made either orally at the deposition or by giving written notice of such designation within five (5) business days after the Party receives a copy of the transcript, during which five (5) business day period the Parties should treat the transcript as Confidential Attorneys' Eyes Only material. If the designation is made during the deposition, the court reporter recording such deposition shall bind the transcript in separate portions containing the non-confidential Material and Confidential Material, and the reporter shall place the appropriate legend on the cover of the Confidential Attorneys' Eyes Only portions of the transcript.

  f. Counsel for the Producing Party shall have the right to exclude from oral deposition any person not authorized by this Order to receive information designated as Confidential Material, but such right of exclusion shall be applicable only during periods of

05/15/2008 13:20 FAX  8187830992          ROZSA LAW GROUP                    ☒007/010

examination or testimony directed to or comprising Confidential Material. The failure of such other persons to comply with a request of this type shall constitute justification for counsel to advise the witness that he or she need not answer the question.

      c.     No Confidential Material shall be filed in the public record of this action. All Material so designated in accordance with the terms of this Confidentiality Stipulation and Protective Order that is filed with the Court, and any pleadings, motions, or other papers filed with the Court disclosing any such Material, shall be filed in a sealed envelope and kept under seal by the Clerk of this Court until further order of the Court. Where possible, only Confidential portions of filings with the Court shall be filed under seal. To facilitate compliance with this Order by the Clerk's office, Material filed under the designation "Confidential" shall be contained in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Confidentiality Stipulation and Protective Order.

      5.     All Confidential Material shall be used only for purposes of this Action and any other action concerning counterfeit products.

      6.     A Party who receives a subpoena or other request for production or disclosure of Confidential Material from any nonparty or party, other than a law enforcement agency, if permitted by law, shall give prompt written notice to the designating Party to enable the designating Party to take such action as it deems appropriate to protect the confidential status of the Material. Requests for Confidential Material from a law enforcement agency shall be complied with without notice

05/15/2008 13:21 FAX  8187830992          ROZSA LAW GROUP                        ☒008/010

7. Within sixty (60) days after the termination of this action, counsel shall (i) destroy all Confidential Material and shall provide written certification of such destruction to the producing Party, or (ii) return all such Confidential Material to counsel for the producing Party. Counsel may, however, retain copies of any deposition and trial transcripts, any deposition and trial exhibits and any briefs, affidavits, declarations or other papers filed with the Court.

8. The provisions of this Confidentiality Stipulation and Protective Order shall not apply to any Material designated as Confidential at the time of production but which

   a. was, is, or becomes public knowledge, not in violation of this Confidentiality Stipulation and Protective Order,

   b. is lawfully acquired by the non-designating Party from a person or entity not a party to this Confidentiality Stipulation and Protective Order having the right to have possession of and disclose such material;

   c. was lawfully possessed by the non-designating Party prior to entry by the Court of this Confidentiality Stipulation and Protective Order; or

   d. the producing Party subsequently agrees in writing is not Confidential.

Notwithstanding the foregoing, a party shall not unilaterally avail itself of these or any other exceptions to this Order, but instead shall obtain either the agreement of the party designating the material as Confidential Material or utilize the procedure of Paragraph 18 below before treating as nonconfidential any document or information contained therein produced as Confidential Material.

9. Nothing in this Confidentiality Stipulation and Protective Order shall be taken as indicating that any Materials are in fact Confidential or entitled to confidential treatment. Either

05/15/2008 13:21 FAX  8187830992        ROZSA LAW GROUP                    ⌀009/010

Party may at any time seek an order from the Court determining that specified discovery materials or categories of discovery materials are not entitled to be treated as Confidential. The Parties do not intend by this Confidentiality Stipulation and Protective Order to change the burdens imposed by the case law with respect to any such showing.

10. Inadvertent disclosure of information, which a party intended to designate as protected either under this Order or by the attorney-client privilege or the attorney's work product doctrine, by any party to any person or organization not authorized to receive such information under this Order shall not constitute waiver of any right to claim the information, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, as so protected and to request its immediate return or designation as protected upon discovery of the error.

11. If Confidential Material is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must promptly on discovery bring all pertinent facts relating to that disclosure to the attention of counsel for all parties and, if appropriate, to the Court, and, without prejudice to other rights and remedies of any party, take reasonable and appropriate measures to prevent further disclosure by it or by the person who was the recipient of that Confidential Material.

80179518.2                              - 6 -

05/15/2008 13:21 FAX 8187830992        ROZSA LAW GROUP                    ☒010/010

FULBRIGHT & JAWORSKI L.L.P.                    ROZSA LAW GROUP LC

By: /s/ Mark N. Mutterperl                     By: /s/ Thomas I. Rozsa  5/15/08
Mark N. Mutterperl                             Thomas I. Rozsa
Jessica S. Parise                              18757 Burbank Boulevard
Chehrazade Chemcham                            Suite 220
666 Fifth Avenue, 31st Floor                   Tarzana, California 91356-3346
New York, New York 10103-3198                  Telephone: (818) 783-0990
Telephone: (212) 318-3000                      Facsimile: (818) 783-0992
Facsimile: (212) 318-3400

*Attorneys for Plaintiff Research In            Attorneys for Defendant Beyond Cell
Motion Limited*                                 *International, Inc.*

SO ORDERED:

/s/ Thomas P. Griesa                           Dated: May 21, 2008
United States District Judge