Steven J. Cohen (SC 1289)
Wachtel & Masyr, LLP
110 East 59th Street
New York, New York 10022
Telephone (212) 909-9500

Thomas I. Rozsa, *Pro Hac Vice*
ROZSA LAW GROUP LC
18757 Burbank Boulevard
Suite 220
Tarzana, California 91356-3346
Telephone (818) 783-0990

Attorneys for Defendant and Third Party Plaintiff
Beyond Electronics Inc. d/b/a Beyond Cell

RECEIVED
08 MAY 29 PM 6:13
U.S. DISTRICT COURT
S.D.N.Y.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RESEARCH IN MOTION LIMITED,

      Plaintiff,

-against-

BEYOND CELL INTERNATIONAL, INC., JOHN DOES 1-50; AND XYZ BUSINESSES,

      Defendant.

---

BEYOND ELECTRONICS INC. d/b/a
BEYOND CELL,

      Third Party Plaintiff,

-against-

SHENZHEN SILVER EAGLE
ELECTRONIC CO. and AMERICAN EAGLE
BUSINESS INC.,

      Third Party Defendants.

08-CV-03322 (TCP)

**THIRD PARTY COMPLAINT**

(JURY TRIAL DEMANDED)

Defendant and Third Party Plaintiff Beyond Electronics Inc. d/b/a Beyond Cell (erroneously sued by plaintiff as "Beyond Cell International") (hereafter, "Beyond Cell"), by its undersigned attorneys, as and for its Third Party Complaint against Third Party Defendants Shenzhen Silver Eagle Electronic Co. and American Eagle Business Inc. (hereafter, "Third Party Defendants"), alleges as follows:

## PARTIES

1. Third Party Plaintiff Beyond Cell is a corporation duly organized and existing under the laws of the State of California, having its principal place of business at 12718 Schabarum Avenue, Irwindale, California 91706.

2. Upon information and belief, at all times relevant herein, third party defendant Shenzhen Silver Eagle Electronic Co. ("Shenzhen Silver") was and is a corporation formed and existing under the laws of the People's Republic of China, having its principal place of business at America Tiercel Business/Branch Office in Shenzhen, A03 Block, Fenghuang 2nd Industrial Park, Fuyong Town, Bao'an, Shenzhen, China.

3. Upon information and belief, at all times relevant herein, third party defendant American Eagle Business Inc. ("American Eagle") was and is a corporation duly organized and existing under the laws of the State of New York, having its principal place of business at 221-28 59th Avenue, Bayside, New York 11364.

4. Upon information and belief, at all times relevant herein, Third Party Defendants, and each of them, were and are the agent, servants, employees, parents, subsidiaries, and/or co-conspirators of each other, and were and are acting within the scope of such agency or employment, parent ownership, or subsidiary ownership.

C:\Documents and Settings\ebenetos\Local Settings\Temporary Internet Files\OLKB09\Third Party Complaint v1 5 29 08 (2).doc

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367 (a) in that the claims alleged herein are so related to the claims brought by plaintiff Research in Motion Limited ("RIM") against Beyond Cell in this underlying action under 28 U.S.C. § 1331, 1338 and 1367 to form part of the same case or controversy.

6. This Court has personal jurisdiction over third party defendant Shenzhen Silver because it has committed tortious acts within the State of New York to the detriment of Beyond Cell.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400 in that, *inter alia*, the matters in controversy arise out of the claims brought by RIM against Beyond Cell in this Court and because Third Party Defendants' activities were undertaken in this judicial district.

## NATURE OF ACTION

8. Beyond Cell purchased from Shenzhen Silver certain products, particularly cell phone batteries that Shenzhen Silver represented to be properly marked to indicate to consumers that they were compatible with BLACKBERRY products. Third Party Defendants represented to Beyond Cell that these products did not infringe upon any BLACKBERRY trademark or any other intellectual property owned by RIM. Because those products, particularly cell phone batteries, were, according to RIM, infringing upon its intellectual property rights, potentially dangerous and violative of other rights of RIM, RIM filed a Complaint against Beyond Cell in this Court.

9. In the Complaint, a copy of which is attached to this Third Party Complaint as

3

Exhibit 1, RIM alleged that Beyond Cell, without authorization or license from RIM, knowingly and willfully used, reproduced and/or copied the BLACKBERRY Trademarks, Trade Dress, and products of RIM (such as, the Blackberry 8100 Series C-M2 Battery, the Blackberry 8800 Series C-X2 Battery, the Blackberry C-S2 Battery), in connection with distributing, selling and offering to sell hazardous, counterfeit, infringing and diluting cell phone batteries in interstate commerce. Furthermore, RIM alleged that its BLACKBERRY trademarks and trade dress are incorporated, in whole and in part, into Beyond Cell's website to misdirect the public to Beyond Cell's allegedly offending batteries.

10. RIM further alleged that the actions of Beyond Cell, constitute trademark counterfeiting (in violation of 15 U.S.C. § 1114); trademark infringement (in violation of 15 U.S.C. § 1114); false description and false designation of origin in commerce (in violation of 15 U.S.C. § 1125); trade dress infringement (in violation of 15 U.S.C. § 1125 (a)); trademark and trade dress dilution (in violation of 15 U.S.C. § 1125 (c)); trademark and trade dress dilution under the laws of New York, and injury to business reputation (in violation of New York General Business Law § 360-1); deceptive trade practice under the laws of New York (in violation of New York General Business Law § 349); common law unfair competition; and unjust enrichment.

11. This action arises ancillary to the Complaint of RIM, based, *inter alia*, on the ground that Third Party Defendants are or may be liable to Beyond Cell on account of RIM's claims, for all or part of any judgment or other amount which RIM may recover from Beyond Cell.

12. This Third Party action seeks damages based upon Beyond Cell's claims against

4

Third Party Defendants for breach of implied warranty against infringement in violation of § 2-312 of the New York Uniform Commercial Code ("UCC"), breach of implied warranty of merchantability in violation of § 2-314 of the UCC; breach of implied warranty of fitness for particular purpose in violation of § 2-315 of the UCC; indemnification; and breach of contract.

## FIRST CLAIM FOR RELIEF

### (Breach of Implied Warranty Against Infringement)

13.     Beyond Cell repeats and realleges each and every allegation set forth above as if set forth at length.

14.     Third Party Defendants are merchant sellers who regularly deal in goods of the kind that are the subject of the Complaint and this Third Party Complaint (hereafter, "Cell Phone Batteries").

15.     Cell Phone Batteries are part of Third Party Defendants' normal stock.

16.     Third Party Defendants have been conducting business regularly with Beyond Cell since in or about July 2006.

17.     Beyond Cell is a buyer of products from the Third Party Defendants and the Third Party Defendants are suppliers who sell products to Beyond Cell.

18.     Third Party Defendants sold Cell Phone Batteries which are the subject of Plaintiff's Complaint to Beyond Cell in the normal course of Third Party Defendants' business.

19.     Beyond Cell did not provide Third Party Defendants with specifications with regard to how the Cell Phone Batteries should be assembled, prepared or manufactured.

20.     The business relationship of Third Party Defendants and Beyond Cell is

5

C:\Documents and Settings\ebenetos\Local Settings\Temporary Internet Files\OLKB09\Third Party Complaint v1 5 29 08 (2).doc

evidenced by purchase orders, pro forma invoices and delivery notes.

21. The purchase orders, pro forma invoices and delivery notes represent offers and acceptance on behalf of Beyond Cell and Third Party Defendants, and they constitute a sale and purchase agreement in accordance with UCC § 2-206.

22. Third Party Defendants did not, in accordance with UCC § 2-316, state by specific language, nor did any circumstance indicate giving reason to Beyond Cell to know that Third Party Defendants did not warrant that Beyond Cell would not unreasonably be exposed to litigation because of any colorable claim to, or interest in, the Cell Phone Batteries.

23. Plaintiff notified Beyond Cell after the Complaint was filed by RIM under seal and after RIM executed a seizure of Beyond Cell's Cell Phone Batteries, that Beyond Cell's sale of the Cell Phone Batteries allegedly violates RIM's trademark and other interests in the goods.

24. Upon information and belief, the Cell Phone Batteries violate trademark and other interests of a third party.

25. Third Party Defendants' actions are in violation of UCC § 2-312 and they are in breach of their duty to Beyond Cell to warrant against infringement.

26. By reason of the foregoing, Beyond Cell has suffered and will continue to suffer substantial damages.

### SECOND CLAIM FOR RELIEF

### (Breach of Implied Warranty of Merchantability)

27. Beyond Cell repeats and realleges each and every allegation set forth above.

28. Third Party Defendants are merchant sellers who regularly deal in the sale of Cell

6

Phone Batteries.

29. Third Party Defendants knew or reasonably should have known that Beyond Cell was purchasing the Cell Phone Batteries for resale.

30. Third Party Defendants did not, in accordance with UCC § 2-316, state by specific language, nor did any circumstance indicate giving reason to Beyond Cell to know that Third Party Defendants did not warrant that the Cell Phone Batteries sold from Third Party Defendants to Beyond Cell were or are merchantable.

31. Upon information and belief, the Cell Phone Batteries that Beyond Cell purchased from Third Party Defendants will be barred from being passed in the trade without objections.

32. Upon information and belief, the Cell Phone Batteries that Beyond Cell purchased from Third Party Defendants were and are not adequately labeled.

33. Upon information and belief, the Cell Phone Batteries that Beyond Cell purchased from Third Party Defendants do and did not conform to the promise or affirmations of fact made on the container or label.

34. Upon information and belief, the Cell Phone Batteries that Beyond Cell purchased from Third Party Defendants may be hazardous, lack several critical security features, and may not be fit for the ordinary purposes for which such goods are used.

35. Third Party Defendants' actions are in violation of UCC § 2-314 and they are in breach of their duty to Beyond Cell to warrant that the Cell Phone Batteries sold by Third Party Defendants to Beyond Cell are merchantable.

36. By reason of the foregoing, Beyond Cell has suffered and will continue to suffer substantial damages.

## THIRD CLAIM FOR RELIEF

### (Breach of Implied Warranty of Fitness for a Particular Purpose)

37. Beyond Cell repeats and realleges each and every allegation set forth above.

38. Third Party Defendants knew or reasonably should have known, based on the circumstances, that Beyond Cell was purchasing the Cell Phone Batteries from Third Party Defendants for the particular purpose of resale.

39. Beyond Cell relied on the skill and judgment of Third Party Defendants to select or furnish suitable goods that were and are fit for such particular purpose.

40. Upon information and belief, the Cell Phone Batteries sold from Third Party Defendants to Beyond Cell are potentially hazardous, lack necessary security features and the necessary quality to be sold to users.

41. Plaintiff alleged in the Complaint that the Cell Phone Batteries are counterfeits of Plaintiff's products and infringe and/or dilute the trademark and trade dress interests of Plaintiff.

42. The Third Party Defendants did not, in accordance with UCC § 2-316, state by specific language, nor did any circumstance indicate giving reason to Beyond Cell to know that Third Party Defendants did and do not warrant that the Cell Phone Batteries sold from Third Party Defendants to Beyond Cell were and are fit for a particular purpose.

43. Third Party Defendants' actions are in violation of UCC § 2-315 and they are in breach of their duty to Beyond Cell to warrant that the Cell Phone Batteries sold by Third Party Defendants to Beyond Cell were and are fit for a particular purpose.

44. By reason of the foregoing, Beyond Cell has suffered and will continue to suffer

8

C:\Documents and Settings\ebenetos\Local Settings\Temporary Internet Files\OLKB09\Third Party Complaint v1 5 29 08 (2).doc

substantial damages.

## FOURTH CLAIM FOR RELIEF

### (Indemnification)

45.    Beyond Cell repeats and realleges each and every allegation set forth above.

46.    Third Party Defendants gave substantial assistance to the alleged actions of Beyond Cell that may give rise to liability to Plaintiff.

47.    Third Party Plaintiff alleges that Third Party Defendants substantially contributed to the alleged harms which Plaintiff claims it suffered as set forth in the Complaint.

48.    Third Party Defendants owed a duty to Beyond Cell to insure that the Cell Phone Batteries were merchantable, fit for the particular purpose for which they were sold, and would not give rise to any infringement claims.

49.    Third Party Defendants breached these duties owed to Beyond Cell.

50.    Third Party Defendants supplied Beyond Cell the allegedly defective chattels as a result of which Beyond Cell may be liable to RIM.

51.    Third Party Defendants knew or should have known that the Cell Phone Batteries were potentially infringing.

52.    Third Party Defendants knew or should have known that the Cell Phone Batteries were potentially not merchantable.

53.    Third Party Defendants knew or should have known that the Cell Phone Batteries were potentially not fit for a particular use.

54.    Third Party Defendants knew or should have known that the Cell Phone Batteries may have been defective.

55.    The allegations by RIM against Beyond Cell are, in fact and law, vicarious in that

Beyond Cell had no right, nor did Beyond Cell exercise any control, over the actions and practices of Third Party Defendants with regard to the Cell Phone Batteries.

56. Beyond Cell was innocently unaware of the alleged deficiencies of the Cell Phone Batteries which Beyond Cell purchased from Third Party Defendants up until the time it was served with the Complaint.

57. Third Party Defendants are primarily responsible for the actions that allegedly caused harm to RIM.

58. Beyond Cell incurred and continues to incur damages including, without limitation, attorneys' fees in defending the action of RIM.

59. By reason of the foregoing, if found liable to RIM, Beyond Cell is entitled to common law indemnification for any and all damages it may suffer arising from Third Party Defendants' breaches of warranties.

## FIFTH CLAIM FOR RELEIF

### (Breach of Contract)

60. Beyond Cell repeats and realleges each and every allegation set forth above.

61. In or about July 2006, Beyond Cell entered into a contract with Shenzhen Silver pursuant to which, for valuable consideration, Shenzhen Silver agreed to sell to Beyond Cell, and Beyond Cell agreed to purchase from Shenzhen Silver, certain cell phone batteries, including the Cell Phone Batteries, all of which were represented by Third Party Defendants to be properly marked to indicate to consumers that they were compatible with BLACKBERRY products.

62. In further consideration of such contract, Third Party Defendants represented to Beyond Cell that such products did not infringe any BLACKBERRY trademarks or any

10

C:\Documents and Settings\ebenetos\Local Settings\Temporary Internet Files\OLKB09\Third Party Complaint v1 5 29 08 (2).doc

other RIM intellectual property rights.

63. Beyond Cell fully performed all of its obligations under its contract with Third Party Defendants.

64. Third Party Defendants breached the contract with Beyond Cell because the Cell Phone Batteries were, according to RIM, not compatible with BLACKBERRY products and infringing upon trademarks and other intellectual property rights, among other things.

65. By reason of the foregoing, Beyond Cell has suffered substantial damages.

## DEMAND FOR JUDGMENT

WHEREFORE, Beyond Cell respectfully prays that this Court enter judgment for it and against Third Party Defendants, jointly and severally, as follows:

(a) On the First Claim for Relief, awarding all compensatory and consequential damages suffered by Beyond Cell arising from the breach by Third Party Defendants of the implied warranty against infringement;

(b) On the Second Claim for Relief, awarding all compensatory and consequential damages suffered by Beyond Cell arising from the breach by Third Party Defendants of the implied warranty of merchantability;

(c) On the Third Claim for Relief, awarding all compensatory and consequential damages suffered by Beyond Cell arising from the breach by Third Party Defendants of the implied warranty of fitness for a particular purpose;

(d) On the Fourth Claim for Relief, damages in an amount to be determined at trial, but believed to be in excess of $1 million;

(e) On the Fifth Claim for Relief, damages in an amount to be determined at trial, but believed to be in excess of $1 million;

(f) an award of reasonable attorneys' fees and costs incurred by Beyond Cell in defending the action by RIM and in having to bring this action against Third Party Defendants; and

(g) such other and further relief as this Court deems just and proper.

JURY TRIAL

Beyond Cell hereby demands trial by jury on all issues triable to a jury.

Dated: New York, New York
       May 29, 2008

WACHTEL & MASYR, LLP

By: _____
    Steven J. Cohen (SC-1289)

110 East 59th Street
New York, NY 10022
(212) 909-9500

-and-

ROZSA LAW GROUP LC
Thomas I. Rozsa

18757 Burbank Boulevard
Suite 220
Tarzana, California 91356-3346
(818) 783-0990

*Attorneys for Defendant and Third Party Plaintiff, Beyond Electronics Inc. d/b/a Beyond Cell (erroneously sued as "Beyond Cell International")*

12