Steven J. Cohen (SC 1289)
Wachtel & Masyr, LLP
110 East 59th Street
New York, New York 10022
Telephone (212) 909-9500

Thomas I. Rozsa, *Pro Hac Vice*
ROZSA LAW GROUP LC
18757 Burbank Boulevard
Suite 220
Tarzana, California 91356-3346
Telephone (818) 783-0990

Attorneys for Defendant/Third Party Plaintiff
Beyond Electronics Inc. dba Beyond Cell

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RESEARCH IN MOTION LIMITED, a corporation of Canada,<br><br>　　　　　　Plaintiff,<br><br>　-against-<br><br>BEYOND CELL INTERNATIONAL, JOHN DOES 1-50; AND XYZ BUSINESSES,<br><br>　　　　　　Defendants. | 08-CV-03322 (TCP)<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

　　　Defendant/Third Party Plaintiff Beyond Electronics Inc. d/b/a Beyond Cell (erroneously sued as Beyond Cell International) (hereafter "Beyond Cell"), by its undersigned attorneys, hereby answers the First Amended Complaint filed by Research In Motion Limited (hereafter "RIM") as follows:

Answer to Section Entitled "NATURE OF THE ACTION"

1.  Denies the allegations contained in Paragraph 1 except that it operates a website www.beyondcell.com. and that RIM sells Blackberry products.

Answer to Section Entitled "JURISDICTION AND VENUE"

2.  Denies each and every allegation contained in Paragraph 2 of the First Amended Complaint.

3.  Answering Paragraph 3 of the First Amended Complaint as it relates to Beyond Cell, Beyond Cell admits that it operates an interactive website but that in no way gives jurisdiction to RIM in New York. To the best of Beyond Cell's knowledge, Beyond Cell admits that Shenzhen Silver operates in the United States through American Eagle, which is located in New York. Except as expressly admitted herein, Beyond Cell denies each and every other allegation contained in Paragraph 3 of the First Amended Complaint.

4.  Denies the allegations contained in Paragraph 4 of the First Amended Complaint.

Answer to Section Entitled "PARTIES"

5.  Admits the allegations contained in Paragraph 5 of the First Amended Complaint.

6.  Denies the allegations contained in Paragraph 6 of the First Amended Complaint, except admits that it is a California corporation with the alleged principal place of business.

7.  To the best of its knowledge, Beyond Cell admits the allegations of Paragraph 7 of the First Amended Complaint.

8.  To the best of its knowledge, Beyond Cell admits the allegations of Paragraph 8 of the First Amended Complaint.

9.  Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the First Amended Complaint.

10. Denies each and every allegation contained in Paragraph 10 of the First Amended Complaint.

Answer to Section Entitled "RIM'S TRADEMARKS AND TRADE DRESS"

11. To the best of its knowledge, admits the allegations contained in Paragraph 11 of the First Amended Complaint.

12. To the best of its knowledge, admits that RIM's portfolio of products, services and embedded technologies are used by thousands of organizations throughout the world and include the BLACKBERRY wireless platform and the RIM handheld product line. Except as expressly admitted herein, Beyond Cell denies the remaining allegations contained in Paragraph 12 of the First Amended Complaint.

13. To the best of its knowledge, admits the allegations contained in Paragraph 13 of the First Amended Complaint.

14. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the First Amended Complaint.

15. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the First Amended Complaint.

16. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the First Amended Complaint.

17. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the First Amended Complaint.

18. Denies the allegations contained in Paragraph 18 of the First Amended Complaint.

19. Denies the allegations contained in Paragraph 19 of the First Amended Complaint.

20. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the First Amended Complaint.

21. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 21 of the First Amended Complaint.

22. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22 of the First Amended Complaint.

23. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 23 of the First Amended Complaint.

24. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the First Amended Complaint.

25. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the First Amended Complaint.

<u>Answer to Section Entitled "DEFENDANTS AND THEIR ACTIVITIES"</u>

26. Denies the allegations contained in Paragraph 26 of the First Amended Complaint.

27. Admits the allegations contained in Paragraph 27 of the First Amended Complaint.

28. Answering Paragraph 28 of the First Amended Complaint, Beyond Cell admits that it advertises the subject batteries as being compatible with and for use with BLACKBERRY products. Beyond Cell affirmatively avers that it never at any time intended to lead anyone to

believe that they were original BLACKBERRY batteries but were simply batteries that were compatible with and could be used with BLACKBERRY products.

29. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 29 of the First Amended Complaint.

30. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of the First Amended Complaint.

31. Denies the allegations contained in Paragraph 31 of the First Amended Complaint.

32. Denies the allegations contained in Paragraph 32 of the First Amended Complaint.

33. Admits the allegations contained in Paragraph 33 of the First Amended First Amended Complaint.

34. Denies the allegations contained in Paragraph 34 of the First Amended First Amended Complaint in that batteries are priced at various prices, with $14.00 being only one example.

35. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 35 of the First Amended Complaint.

36. Denies the allegations contained in Paragraph 36 of the First Amended Complaint.

37. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the First Amended Complaint.

38. Admits that the label attached as part of Paragraph 38 of the First Amended Complaint purports to be a label on a product sold by Beyond Cell.

C:\Documents and Settings\sspiegelman\Local Settings\Temporary Internet Files\OLK16F\AMN ANS 003 (2).doc

5

39. Denies the allegations contained in Paragraph 39 of the First Amended Complaint.

40. Denies the allegations contained in Paragraph 40 of the First Amended Complaint, respectfully refers the Court to the batteries for their look and content, and affirmatively avers that any use of the term BLACKBERRY by Beyond Cell was intended strictly and solely to advise consumers that batteries sold by Beyond Cell were compatible with batteries for use with BLACKBERRY.

41. Denies the allegations contained in Paragraph 41 of the First Amended Complaint, respectfully refers the Court to the batteries for their look and content, and affirmatively avers that any use of the term BLACKBERRY by Beyond Cell was intended strictly and solely to advise consumers that batteries sold by Beyond Cell were compatible with batteries for use with BLACKBERRY.

42. Denies the allegations contained in Paragraph 42 of the First Amended Complaint, respectfully refers the Court to the batteries for their look and content, and affirmatively avers that any use of the term BLACKBERRY by Beyond Cell was intended strictly and solely to advise consumers that batteries sold by Beyond Cell were compatible with batteries for use with BLACKBERRY.

43. Denies the allegations contained in Paragraph 43 of the First Amended Complaint, respectfully refers the Court to the batteries for their look and content, and affirmatively avers that any use of the term BLACKBERRY by Beyond Cell was intended strictly and solely to advise consumers that batteries sold by Beyond Cell were compatible with batteries for use with BLACKBERRY.

44. Denies the allegations contained in Paragraph 44 of the First Amended Complaint, respectfully refers the Court to the batteries for their look and content, and affirmatively avers that any use of the term BLACKBERRY by Beyond Cell was intended strictly and solely to advise consumers that batteries sold by Beyond Cell were compatible with batteries for use with BLACKBERRY.

45. Denies the allegations contained in Paragraph 45 of the First Amended Complaint, respectfully refers the Court to the batteries for their look and content, and affirmatively avers that any use of the term BLACKBERRY by Beyond Cell was intended strictly and solely to advise consumers that batteries sold by Beyond Cell were compatible with batteries for use with BLACKBERRY.

46. Denies the allegations contained in Paragraph 46 of the First Amended Complaint, except admits that it does not have any authorization or license from RIM.

47. Denies the allegations contained in Paragraph 47 of the First Amended Complaint.

48. Denies the allegations contained in Paragraph 48 of the First Amended Complaint, except admits that the batteries sold by Beyond Cell are not genuine RIM products and that RIM did not manufacture, inspect or package, them and did not approve them for sale. Beyond Cell affirmatively avers that the batteries sold by it were not intended to be representative of any genuine BLACKBERRY batteries but simply batteries that were compatible with the BLACKBERRY products.

49. Admits the allegations contained in Paragraph 49 of the First Amended Complaint.

50. Denies the allegations contained in Paragraph 50 of the First Amended Complaint.

51. Denies the allegations contained in Paragraph 51 of the First Amended Complaint.

52. Denies the allegations contained in Paragraph 52 of the First Amended Complaint.

## ANSWER TO FIRST CAUSE OF ACTION

### Entitled "Federal Trademark Counterfeiting"

53. Answering Paragraph 53 of the First Amended Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 52 of the First Amended Complaint, as if fully set forth herein.

54. Denies the allegations contained in Paragraph 54 of the First Amended Complaint.

55. Denies the allegations contained in Paragraph 55 of the First Amended Complaint.

## ANSWER TO SECOND CAUSE OF ACTION

### Entitled "Federal Trademark Infringement"

56. Answering Paragraph 56 of the First Amended Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 55 of the First Amended Complaint, as if fully set forth herein.

57. Denies the allegations contained in Paragraph 57 of the First Amended Complaint.

## ANSWER TO THIRD CAUSE OF ACTION

### Entitled "Federal False Description

### And False Designation Of Origin In Commerce"

58.    Answering Paragraph 58 of the First Amended Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 57 of the First Amended Complaint, as if fully set forth herein.

59.    Denies the allegations contained in Paragraph 59 of the First Amended Complaint.

60.    Denies the allegations contained in Paragraph 60 of the First Amended Complaint.

## ANSWER TO FOURTH CAUSE OF ACTION

### Entitled "Federal Trade Dress Infringement"

61.    Answering Paragraph 61 of the First Amended Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 60 of the First Amended Complaint, as if fully set forth herein.

62.    Denies the allegations contained in Paragraph 62 of the First Amended Complaint.

63.    Denies the allegations contained in Paragraph 63 of the First Amended Complaint.

## ANSWER TO FIFTH CAUSE OF ACTION

### Entitled "Federal Trademark Dilution"

64. Answering Paragraph 64 of the First Amended Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 63 of the First Amended Complaint, as if fully set forth herein.

65. Denies the allegations contained in Paragraph 65 of the First Amended Complaint.

66. Denies the allegations contained in Paragraph 66 of the First Amended Complaint.

67. Denies the allegations contained in Paragraph 67 of the First Amended Complaint.

68. Denies the allegations contained in Paragraph 68 of the First Amended Complaint.

## ANSWER TO SIXTH CAUSE OF ACTION

### Entitled "Federal Trade Dress Dilution"

69. Answering Paragraph 69 of the First Amended Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 68 of the First Amended Complaint, as if fully set forth herein.

70. Denies the allegations contained in Paragraph 70 of the First Amended Complaint.

71. Denies the allegations contained in Paragraph 71 of the First Amended Complaint.

72. Denies the allegations contained in Paragraph 72 of the First Amended Complaint.

73. Denies the allegations contained in Paragraph 73 of the First Amended Complaint.

### ANSWER TO SEVENTH CAUSE OF ACTION

### Entitled "New York Dilution Of Trademark And Injury To Business Reputation"

74. Answering Paragraph 74 of the First Amended Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 73 of the First Amended Complaint, as if fully set forth herein.

75. Denies the allegations contained in Paragraph 75 of the First Amended Complaint.

76. Denies the allegations contained in Paragraph 76 of the First Amended Complaint.

77. Denies the allegations contained in Paragraph 77 of the First Amended Complaint.

### ANSWER TO EIGHTH CAUSE OF ACTION

### Entitled "New York Dilution Of Trade Dress"

78. Answering Paragraph 78 of the First Amended Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 77 of the First Amended Complaint, as if fully set forth herein.

79. Denies the allegations contained in Paragraph 79 of the First Amended Complaint.

80. Denies the allegations contained in Paragraph 80 of the First Amended Complaint.

81. Denies the allegations contained in Paragraph 81 of the First Amended Complaint.

## ANSWER TO NINTH CAUSE OF ACTION

### Entitled "New York Deceptive Trade Practices"

82. Answering Paragraph 82 of the First Amended Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 81 of the First Amended Complaint, as if fully set forth herein.

83. Denies the allegations contained in Paragraph 83 of the First Amended Complaint.

84. Denies the allegations contained in Paragraph 84 of the First Amended Complaint.

## ANSWER TO TENTH CAUSE OF ACTION

### Entitled "Common Law Unfair Competition"

85. Answering Paragraph 85 of the First Amended Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 84 of the First Amended Complaint, as if fully set forth herein.

86. Denies the allegations contained in Paragraph 86 of the First Amended Complaint.

## ANSWER TO ELEVENTH CAUSE OF ACTION

### Entitled "Unjust Enrichment"

87.     Answering Paragraph 87 of the First Amended Complaint, Beyond Cell repeats and realleges its answers to Paragraphs 1 through 86 of the First Amended Complaint, as if fully set forth herein.

88.     Denies the allegations contained in Paragraph 88 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT.

### FIRST AFFIRMATIVE DEFENSE

1.     As a first, separate and distinct affirmative defense to the First Amended Complaint, and each and every cause of action set forth therein, Beyond Cell alleges that at no time did it ever engage in any counterfeiting or any trademark infringement. All uses of any BLACKBERRY trademark as set forth in the First Amended Complaint. were fair use and intended to advise consumers that the products and in particular, batteries, sold by Beyond Cell were compatible with BLACKBERRY products and could be used with BLACKBERRY products. At no time did Beyond Cell ever intend to pass off or lead any consumer to believe that they were genuine BLACKBERRY products.

### SECOND AFFIRMATIVE DEFENSE

2.     As a second, separate and distinct affirmative defense to the First Amended Complaint, and each and every cause of action stated therein, Beyond Cell alleges that its products have distinctly displayed thereon the trademark "OP" which is a trademark of Beyond Cell and is in no way confusingly similar with any trademark owned by RIM.

## THIRD AFFIRMATIVE DEFENSE

3.     As a third, separate and distinct affirmative defense to the First Amended Complaint, and each and every cause of action stated therein, Beyond Cell alleges that it obtained these products from its supplier Shenzhen Silver Eagle Electronic Co., a corporation of China, who to the best of Beyond Cell's knowledge, is located at America Tiercel Business/Branch Office in ShenZhen, A03 Block, Fenghuang 2nd Industrial Park, Fuyong Town, Bao'an, ShenZhen, China, who represented to Beyond Cell that the products were properly marked to indicate to consumers that they were compatible with BLACKBERRY products and that they were not infringing any BLACKBERRY trademarks or any other RIM intellectual property rights.

## FOURTH AFFIRMATIVE DEFENSE

4.     As a fourth, separate and distinct affirmative defense to the First Amended Complaint, and each and every cause of action stated therein, Beyond Cell alleges that its Chinese supplier Shenzhen Silver Eagle Electronic Co. has any American corresponding company to whom payments for products were made.  The American company is American Eagle Business Inc.  To the best of Beyond Cell's knowledge, the address for American Eagle Business Inc., a New York corporation, is 221-28 59th Avenue, Bayside, New York 11364. American Eagle Business Inc. and its principal represented to Beyond Cell that the products it obtained from Shenzhen Silver Eagle Electronic Co. were products that were properly marked to indicate to consumers that they were compatible with BLACKBERRY products and that they were not infringing any BLACKBERRY trademarks or any other intellectual property owned by RIM.

## FIFTH AFFIRMATIVE DEFENSE

5. As a fifth, separate and distinct affirmative defense to the First Amended Complaint, and each and every cause of action stated therein, Beyond Cell alleges that the First Amended Complaint, and each and every cause of action stated therein, has failed to state any claim upon which relief may be granted.

## SIXTH AFFIRMATIVE DEFENSE

6. As a sixth, separate and distinct affirmative defense to the First Amended Complaint, and each and every cause of action stated therein, Beyond Cell alleges that the First Amended Complaint, and each and every cause of action stated therein has failed to state facts sufficient to constitute a cause of action against Beyond Cell.

## SEVENTH AFFIRMATIVE DEFENSE

7. As a seventh, separate and distinct affirmative defense to the First Amended Complaint, and each and every cause of action stated therein, Beyond Cell alleges the Plaintiff is barred from seeking the relief sought under the equitable doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

8. As an eighth, separate and distinct affirmative defense to the First Amended Complaint, and each and every cause of action stated therein, Beyond Cell alleges that the First Amended Complaint, and each and every cause of action stated therein, is barred by the equitable doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

9. As a ninth, separate and distinct affirmative defense to the First Amended Complaint, and each and every cause of action stated therein, Beyond Cell alleges that the First

Amended Complaint, and each and every cause of action stated therein is barred by the equitable doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

10.     As a tenth, separate and distinct affirmative defense to the First Amended Complaint, and each and every cause of action stated therein, Beyond Cell alleges that any damage suffered by Plaintiff was caused by Plaintiff's own actions.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     As an eleventh, separate and distinct affirmative defense to the First Amended Complaint, and each and every cause of action stated therein, Beyond Cell alleges that Plaintiff has failed to mitigate its damages.

### TWELFTH AFFIRMATIVE DEFENSE

12.     As a twelfth, separate and distinct affirmative defense to the First Amended Complaint, and each and every cause of action stated therein, Beyond Cell alleges that the First Amended Complaint, and each and every cause of action stated therein is barred by the statute of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     As a thirteenth, separate and distinct affirmative defense to the First Amended Complaint, and each and every cause of action stated therein, Beyond Cell alleges that the First Amended Complaint, and each and every cause of action stated therein, is barred by the equitable doctrine of laches.

### DEMAND FOR JUDGMENT

WHEREFORE, Beyond Cell respectfully prays that this Court enter judgment for it and against Plaintiff and Counterclaim Defendant and further prays:

1. That Plaintiff and Counterclaim Defendant take nothing by reason of its First Amended Complaint, and each count stated therein and that the same be dismissed with prejudice;

2. That this Court adjudge that the products sold by Beyond Cell do not infringe BLACKBERRY trademarks or any other intellectual property of Plaintiff;

3. That this Court adjudge that Plaintiff and Counterclaim Defendant have no justifiable ground to bring any of the counts as set forth in the First Amended Complaint, and that such First Amended Complaint. was spurious and made in bad faith;

4. That this Court award to Beyond Cell its costs of suit incurred herein;

5. That this Court award to Beyond Cell reasonable attorneys' fees incurred by Beyond Cell in the defense of this First Amended Complaint.;

6. That this Court award to Beyond Cell judgment against Plaintiff and Counterclaim Defendant in such sums that are provable at trial and that said sum be trebled as required by law.

7. That this Court award to Beyond Cell punitive damages against Plaintiff and Counterclaim Defendant in an amount to be proven at trial; and

8. For such other and further relief as this Court deems just and proper.

## JURY TRIAL

Defendant Beyond Cell hereby demands trial by jury on all issues triable to a jury.

Dated: New York, New York
September 3, 2008

WACHTEL & MASYR, LLP

By:  /s/ Steven J. Cohen
　　　Steven J. Cohen (SC-1289)

110 East 59th Street
New York, NY 10022
(212) 909-9500

-and-

ROZSA LAW GROUP LC
Thomas I. Rozsa

18757 Burbank Boulevard
Suite 220
Tarzana, California 91356-3346
(818) 783-0990

*Attorneys for Defendant/Third Party Plaintiff Beyond Electronics Inc. d/b/a Beyond Cell (erroneously sued as "Beyond Cell International," Inc.)*